I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: /S/Jennifer Smolinski
Deputy Clerk

A CERTIFIED TRUE COPY
ATTEST
By Tanisha Spinner on Aug 26, 2009
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Aug 10, 2009**

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: HEPARIN PRODUCTS**
**LIABILITY LITIGATION**

Katherine Davis v. Baxter Healthcare Corp., et al.,  )
N.D. California, C.A. No. 3:09-1178  )  MDL No. 1953

### ORDER REISSUING CONDITIONAL TRANSFER ORDER (CTO-15)

**Before the entire Panel**: Plaintiff in this California action (*Davis*) moves pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate our order conditionally transferring *Davis* to the Northern District of Ohio for inclusion in MDL No. 1953 and simultaneously remanding claims against the health care defendants[1] to the Northern District of California. Responding Baxter defendants[2] as well as the health care defendants oppose the motion. The MDL No. 1953 plaintiffs' executive committee favors inclusion of all claims in *Davis* in MDL No. 1953 proceedings.

After considering all argument of counsel, we are persuaded that "CTO-15" should be vacated for two reasons. First, claims against the health care defendants involving post-recall infusion of Heparin may be intertwined with claims against the manufacturing defendants relating to whether Baxter's recall of the allegedly adulterated Heparin was proper. Second, separating the medical negligence claims against the health care defendants may have an unintended effect on plaintiff's pending motion to remand the entire *Davis* action to California state court. Accordingly, we have decided to reissue this order to conditionally transfer *Davis* in its entirety to MDL No. 1953.[3]

IT IS THEREFORE ORDERED that "CTO-15" filed on April 23, 2009, is vacated.

IT IS FURTHER ORDERED that pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. at 433-36 (2001), *Davis* is transferred in its entirety under 28 U.S.C. § 1407 to the Northern District of Ohio

---

[1] Mercy Medical Center Redding and Catholic Health Care West.

[2] Baxter Healthcare Corp., Baxter International, Inc., Scientific Protein Laboratories, LLC, and Changzhou SPL Co., Ltd. (collectively Baxter).

[3] In the interim, the Northern District of California retains jurisdiction to rule on the motion to remand to state court.

Inasmuch as no objection is pending at this time, the stay is lifted.

Aug 26, 2009

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

-2-

and, with the consent of that court, assigned to the Honorable James G. Carr. This reissued order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Ohio. The transmittal of this order to the Northern District of Ohio Clerk shall be stayed for fifteen days from today's filing date. If any party files a notice of opposition with the Clerk of the Panel within this fifteen-day period, the stay will be continued until further order of the Panel.

                        PANEL ON MULTIDISTRICT LITIGATION

                        _____
                             John G. Heyburn II
                                Chairman

| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |